UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYPRESS PARK APARTMENTS II, L.L.C.<br><br>v.<br><br>INTERSTATE FIRE & CASUALTY COMPANY, INDEPENDENT SPECIALTY INSURANCE COMPANY, CERTAIN UNDERWRITERS LLOYDS OF LONDON – SYNDICATE 2357, AND CERTAIN UNDERWRITERS AT LLOYDS AND OTHER INSURERS SUBSCRIBING TO BINDING AUTHORITY UMR B604510568622021 | Case No. _____<br><br><br>Judge _____<br><br><br>Magistrate Judge _____ |

## NOTICE OF REMOVAL

Defendants Certain Underwriters at Lloyds, London Subscribing to Policy No. VNB-CN-0000804-04,[1] Certain Underwriters at Lloyd's, London and Other Insurers Subscribing to Binding Authority UMR B604510568622021, Interstate Fire and Casualty Company, and Independent Specialty Insurance Company (collectively, the "Defendant Insurers") remove to this Court the civil action filed by Plaintiff in the 24th Judicial District Court for the Parish of Jefferson, Louisiana under 9 U.S.C. § 205 and 28 U.S.C. §§ 1331, 1441, and 1446. This case is removable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (commonly known as the New York Convention) and 9 U.S.C. § 205 because (1) the insurance policy contains a written agreement to arbitrate; (2) the arbitration agreement falls under the New York Convention; and (3) the dispute relates to the arbitration agreement.

---

[1] Improperly named in the Petition for Damages as "Certain Underwriters Lloyds of London - Syndicate 2357."

I.   **FACTUAL BACKGROUND**

   A.   **The State Court Action**

   1.   On January 16, 2023, Plaintiff filed its Petition for Damages in the case styled *Cypress Park Apartments II, L.L.C. v. Interstate Fire & Casualty Company, et al.*, in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, Case No. 836758 (the "State Court Action"). At the time of this removal, the only documents filed in the State Court Action are: (1) the Petition for Damages, and (2) the state court's Hurricane Case Management Order and its attachments. Copies of all documents filed in the State Court Action are attached hereto as exhibits, as required by 28 U.S.C. § 1446(a).[2]

   2.   In the State Court Action, Plaintiff seeks insurance coverage under an insurance policy for alleged damage to its property. Plaintiff's Petition alleges that the Defendant Insurers failed to pay amounts owed under the policy at issue.[3]

   B.   **The Policy**

   3.   Plaintiff's Petition alleges coverage under a commercial property policy numbered VNB-CN-0000804-04, VRN-CN-0000804-04, VRX-CN-0000804-04, and VUX-CN-0000804-04, which had effective dates of March 24, 2021 to March 24, 2022 (the "Policy"). The Policy provides certain coverages for the property identified in the Policy's Statement of Values, subject to the Policy's terms, conditions, limitations, and exclusions (the "Policy").[4] Plaintiff Cypress Park

---

[2] **Exhibit A**, State Court Record (Petition for Damages, State Court Hurricane Case Management Order).

[3] **Exhibit A**, Petition for Damages.

[4] **Exhibit B**, Policy; **Exhibit C**, Statement of Values.

2

Apartments II, LLC, is the named insured on the Policy.[5] The property that is the subject of Plaintiff's Petition for Damages is listed in the Policy's Statement of Values.[6]

4. The Policy is an insurance contract between Plaintiff and the Defendant Insurers, including Certain Underwriters at Lloyds, London Subscribing to Policy No. VNB-CN-0000804-04 and Certain Underwriters at Lloyd's, London and Other Insurers subscribing to Binding Authority B604510568622021.[7]

5. Certain Underwriters at Lloyd's, London refers to an unincorporated association of members that insure risks through the Lloyd's of London insurance market. These members often subscribe to risks through syndicates, which are administrative entities. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010). The members subscribing to the Policy are:

    (a) Nephila 2357 Ltd. ("Nephila Ltd."), which participated in the risk through the Lloyd's of London insurance market as the sole member of Syndicate 2357; and

    (b) RenaissanceRe Corporate Capital (UK) Limited ("RenRe Ltd."), which participated in the risk through the Lloyd's of London insurance market as the sole member of RenaissanceRe Syndicate 1458.

6. In addition to Nephila Ltd. and RenRe Ltd., RenaissanceRe Specialty U.S. LTD ("RenRe U.S.") subscribed to the Policy through binding agreement B604510568622021.

---

[5] **Exhibit B**, Policy, at p. 7 (Declarations).
[6] **Exhibit A**, Petition for Damages, at ¶ 3; **Exhibit C**, Statement of Values.

3

7. Nephila Ltd., RenRe Ltd., and RenRe US are foreign corporate entities. Specifically:

    a. Nephila Ltd. is a private limited company incorporated under the laws of England and Wales with its principal place of business in England and Wales.[8] Nephila Ltd. is a citizen of England and Wales.

    b. RenRe Ltd. is a private limited company incorporated under the laws of England and Wales with principal place of business in England and Wales.[9] RenRe Ltd. is a citizen of England and Wales.

    c. RenRe U.S. is a private limited company incorporated under the laws of Bermuda, a territory of England and Wales, with its principal office in Bermuda.

8. The Policy contains an arbitration provision (the "Arbitration "Agreement"), which states:

**Section VII – CONDITIONS**

\* \* \*

C. **ARBITRATION CLAUSE:** All matters in dispute between the **NAMED INSURED** and the **INSURER(S)** (hereinafter referred to as "the parties") in relation to this insurance, including this **POLICY'S** formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agree upon a single Arbitrator within thirty (30) days of one receiving a written request from the other for

---

[8] **Exhibit D,** Nephila 2357 Ltd.'s Certificate of Incorporation and evidence of its principal place of business.

[9] **Exhibit E,** RenaissanceRe Corporate Capital (UK) Limited's Certificate of Incorporation and evidence of its principal place of business.

Arbitration, the Claimant (the party requesting Arbitration) shall appoint his or her Arbitrator and give written notice thereof to the Respondent. Within thirty (30) days of receiving such notice from Claimant, the Respondent shall appoint his or her Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

If the two Arbitrators fail to agree on the selection of the umpire within thirty (30) days of the appointment of the second named Arbitrator, each Arbitrator shall submit to the other a list of three Umpire candidates, each Arbitrator shall select one name from the list submitted by the other and the Umpire shall be selected from the two names chosen by a lot drawing procedure to be agreed upon by the Arbitrators. Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons presently or formerly employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

The parties shall each bear their own costs, expenses and attorney's fees in any Arbitration proceeding. Any Arbitration hearing shall take place in Nashville, Tennessee, unless VRU is agreeable to a different locale.

The Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature.

The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.[10]

---

[10] **Exhibit B**, Policy, at pp. 42-43.

9. Under the arbitration provision in the Policy, Plaintiff and the Defendant Insurers agreed to arbitrate "[a]ll matters in dispute between [Plaintiff] and [its insurers] in relation to this insurance."[11]

10. Plaintiff claims that the Defendant Insurers failed to pay money owed under the Policy.[12] The Defendant Insurers dispute that anything is owed to Plaintiff under the Policy. This is a "matter in dispute in relation to this insurance" that must be referred to arbitration according to the Arbitration Agreement.

## II.   JURISDICTION

11. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331, which provides that federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. The Court's original jurisdiction is confirmed by 9 U.S.C. § 203, which states, "An action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States…shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

12. Removal is proper under 9 U.S.C. § 205, which states, in pertinent part:

> Where the subject matter of an action or proceeding pending in a State court <u>relates to an arbitration agreement</u> or award <u>falling under the Convention</u>, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section

---

[11] *Id.* at p. 42.

[12] **Exhibit A**, Petition for Damages.

> need not appear on the face of the complaint but may be shown in the petition for removal.[13]

13. Thus, under 9 U.S.C. § 205, removal is proper when (1) the parties' arbitration agreement falls under the New York Convention; and (2) the dispute relates to the arbitration agreement.[14] This provision is broadly construed. As the United States Court of Appeals for the Fifth Circuit has explained:

> Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal provisions, § 205, in the statute books. So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal "cannot apply to Convention Act cases because in these instances, Congress created special removal rights to channel cases into federal court."[15]

14. In the instant case, removal is proper because the Arbitration Agreement falls under the New York Convention and this dispute relates to the Arbitration Agreement.

### A. The Arbitration Agreement falls under the New York Convention.

15. The Fifth Circuit has held that an arbitration agreement falls the Convention when: (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen.[16] "The 'Convention contemplates a very limited inquiry by the courts.' Resolving the question of whether the agreement falls under

---

[13] 9 U.S.C. § 205 (emphasis added).

[14] *See also Rain CII Carbon, LLC v. ConocoPhillips Co.*, No. 09-cv-4169, 2009 WL 2599232, at *2 (E.D. La. Aug. 17, 2009).

[15] *Acosta v. Master Maint. & Constr.*, 452 F.3d 373, 377 (5th Cir. 2006) (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1213 (5th Cir.1991))

[16] *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*, 866 F.3d 709, 712 (5th Cir. 2017).

the Convention will ordinarily prove quick and easy, without requiring too much merits-like investigation by the district court."[17]

16. Here, the factors are clearly met: (1) the Policy's Arbitration Agreement is a written agreement to arbitrate this dispute; (2) the agreement provides for arbitration in Tennessee, and the United States is a Convention signatory;[18] (3) the agreement arises out of a commercial relationship between Plaintiff and the Defendant Insurers; and (4) three of the Defendant Insurers are not American citizens. For instance, Nephila Ltd. and RenRe Ltd. are citizens of England and Wales.[19] Moreover, because these members subscribed to the Policy through the Lloyd's of London insurance market in the United Kingdom, the Arbitration Agreement has a "reasonable relation" to a foreign state.[20]

17. The Fifth Circuit's four-part test is satisfied, and the Arbitration Agreement clearly falls under the Convention.

---

[17] *Beiser v. Weyler,* 284 F.3d 665, 672 n.7 (5th Cir. 2002) (quoting *Sedco, Inc. v. Petroleos Mexicanos Mexican National Oil Co.*, 767 F.2d 1140, 1144 (5th Cir.1985)).

[18] UNITED NATIONS COMMISSION ON INTERNATIONAL TRADE LAW, *Status: Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958)*, https://uncitral.un.org/en/texts/arbitration/conventions/foreign_arbitral_awards/status2 (last visited Sept. 15, 2021).

[19] *See* **Exhibit D,** Nephila 2357 Ltd.'s Certificate of Incorporation and evidence of its principal place of business; **Exhibit E**, RenaissanceRe Corporate Capital (UK) Limited's Certificate of Incorporation and evidence of its principal place of business.

[20] Courts within the Fifth Circuit, including this Court, have consistently held that federal courts have original jurisdiction when evaluating arbitration provisions in insurance policies entered into with members of the Lloyd's of London insurance market. *See, e.g., Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 20-cv-102, 2021 WL 359735 (M.D. La. Feb. 2, 2021); *1010 Common, LLC v. Certain Underwriters at Lloyd's, London*, No. CV 20-2326, 2020 WL 7342752 (E.D. La. Dec. 14, 2020); *Woodward Design + Build, LLC v. Certain Underwriters at Lloyd's London*, No. 19-cv-14017, 2020 WL 5793715 (E.D. La. Sept. 29, 2020); *Gulledge v. Certain Underwriters at Lloyd's, London*, No. CV 18-6657, 2018 WL 4627387 (E.D. La. Sept. 27, 2018).

### B. The Dispute Relates to the Arbitration Agreement

18. The subject matter of an action "relates to" an arbitration agreement under 9 U.S.C. § 205 when the action has some connection, relation, or reference to the arbitration agreement.[21] "The phrase 'relates to' 'conveys a sense of breadth' and 'sweeps broadly.'"[22] An assertion of claims against insurers related to coverage under a policy "relates to" an arbitration agreement contained in that policy.[23] "[A] clause determining the forum for resolution of specific types of disputes relates to a lawsuit that seeks the resolution of such disputes."[24]

19. In this case, Plaintiff asserts claims for coverage under the Policy, which contains an arbitration provision requiring such claims to be resolved in arbitration. Accordingly, the subject matter of Plaintiff's action relates to the Arbitration Agreement.

20. For the foregoing reasons, removal is proper under 9 U.S.C. § 205 because the Arbitration Agreement falls under the New York Convention and this dispute relates to the Arbitration Agreement.

### III. REMOVAL PROCEDURE

21. Removal of this action is timely. Removal under 9 U.S.C. § 205 is broader than removal under the general removal statutes, 28 U.S.C. §§ 1441, 1446.[25] Pursuant to 9 U.S.C. § 205, defendants may remove an action that relates to an arbitration agreement falling under the New York Convention "at any time before the trial thereof." Thus, the 30-day time period for removal

---

[21] *Acosta*, 452 F.3d at 378-79.

[22] *Id.* at 377 (quoting *Beiser*, 284 F.3d at 669).

[23] *See id.* at 378-79.

[24] *Id.* at 379.

[25] *Acosta*, 452 F. 3d 377.

under the general removal statutes does not apply to suits removed under 9 U.S.C. § 205.[26] Because this case is still in its beginning stages and trial has not begun, removal is timely under 9 U.S.C. § 205. Further, even if the thirty-day time period in 28 U.S.C. §§ 1441, 1446 were applicable (which it is not), the removal would be timely because Defendant Insurers are filing this removal before service has been effected.

22. Removal is properly made to the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1441(a) and 9 U.S.C. § 205 because Jefferson Parish, Louisiana, where the State Court Action is pending, is within the territorial jurisdiction of this Court.

23. Consent of all defendants is not required for removal pursuant to 9 U.S.C. § 205.[27] Nonetheless, all Defendants join in this Notice of Removal.

---

[26] *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1212 (5th Cir. 1991) ("Under [28 U.S.C. §] 1441(d), a defendant may remove 'at any time before cause shown,' and under [9 U.S.C. §] 205, a defendant may remove 'at any time before the trial.' Other cases may be removed only within 30 days after the defendant receives a pleading."); *Gulledge v. Certain Underwriters at Lloyd's, London*, No. 18-cv-6657, 2018 WL 4627387, at *2 (E.D. La. Sept. 27, 2018) (finding that removal was timely because the defendant removed before the state court trial); *Viator v. Dauterive Contractors, Inc.*, 638 F. Supp. 2d 641, 649 (E.D. La. 2009) (same); *Amizola v. Dolphin Shipowner, S.A.*, 354 F. Supp. 2d 689, 696 (E.D. La. 2004) ("Section 205 . . . allows removal of proceedings pending in state court . . . at any time before trial, and the thirty day limitation of § 1446(b) does not apply."); *Simmons v. Sabine River Authority of La.*, 823 F. Supp. 2d 420, 426 (W.D. La. 2011) (30-day window for removal does not apply to removals based on the Convention); *Acosta v. Master Maintenance & Construction, Inc.*, 52 F. Supp. 2d 699, 705 (M.D. La. 1999) ("[T]he phrase, 'any time before trial,' as used in 9 U.S.C. § 205, means that removal may occur at any time before an adjudication on the merits.").

[27] *Acosta v. Master Maintenance and Construction, Inc.*, 52 F. Supp. 2d 699, 709 (M.D. La. 1999); *Viator v. Dauterive Contractors, Inc.*, 638 F. Supp. 2d 641, 651 n.15 (E.D. La. 2009); *Faulk v. Alcoa Inc.*, No. 16-cv-1461, 2017 WL 6821869, at *1 (W.D. La. Jan. 31, 2017); *Simmons v. Sabine River Authority of La.*, 823 F. Supp. 2d 420, 427 n.10 (W.D. La. 2011).

24.     Promptly after filing this Notice of Removal with the Court, the Defendant Insurers will file written notice of the filing with the Clerk of the Court where the State Court Action is pending, in satisfaction of 28 U.S.C. § 1446(d).

25.     All procedural requirements have been satisfied. Accordingly, removal is procedurally proper.

**WHEREFORE**, Defendants Certain Underwriters at Lloyds, London Subscribing to Policy No. VNB-CN-0000804-04, Certain Underwriters at Lloyd's, London and Other Insurers Subscribing to Binding Authority No. B604510568622021, Interstate Fire and Casualty Company, and Independent Specialty Insurance Company remove this action from the 24th Judicial District Court for the Parish of Jefferson, Louisiana to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**WOOD, SMITH, HENNING & BERMAN LLP**

  */s/ Ashley E. Bane*
Ashley E. Bane (La. Bar No. 35640)
John M. Falgout (La. Bar No. 39177)
1100 Poydras Street, Suite 2900
New Orleans, Louisiana 70163
Phone: (504) 386-9840
Fax:    (504) 386-9841
Email:   ABane@wshblaw.com
         JFalgout@wshblaw.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above has been served upon all counsel of record as follows, via electronic mail, fax, and/or U.S. Mail, this 25th day of January, 2023.

| | |
|---|---|
| J. Bart Kelly III | Brent B. Barriere |
| Roderick "Rico" Alvendia | William H. Patrick, III |
| Jeanne K. Demarest | Tristan Manthey |
| Kurt A. Offner | Cherie Dessauer Nobles |
| Jennifer Kuechmann | Michael Dodson |
| Cassie Gailmor | **Fishman Haygood, LLP** |
| **Alvendia, Kelly & Demarest, LLC** | 201 St. Charles Avenue, Suite 4600 |
| 909 Poydras Street, Suite 1625 | New Orleans, LA 70170-4600 |
| New Orleans, LA 70112 | Phone: 504-586-5252 |
| Phone: 504-200-0000 | Fax: 504-586-5250 |
| Fax:   504-200-0001 | Email: bbarriere@fishmanhaygood.com |
| Email: bart@akdlalaw.com | wpatrick@fishmanhaygood.com |
| rico@akdlalaw.com | tmanthey@fishmanhaygood.com |
| jeanne@akdlalaw.com | cnobles@fishmanhaygood.com |
| kurt@akdlalaw.com | mdodson@fishmanhaygood.com |
| jenniferk@akdlalaw.com | |
| cassie@akdlalaw.com | |

                                          */s/ Ashley E. Bane*